```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|  |  |
|---|---|
| CONNIE GIBBS,<br>on behalf of herself and<br>others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, INC.<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　No. 2:21-cv-2153-SHM-cgc<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This is a putative collective action brought under the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §§ 201, et seq. On May 24, 2021, Defendant Sedgwick Claims Management, Inc. ("Sedgwick") filed a Motion to Dismiss Plaintiff Connie Gibbs' ("Gibbs") Complaint. (D.E. 56.) That motion has been fully briefed and is now before the Court. (D.E. 75; 82.) The Motion to Dismiss is DENIED.

**I.　Background**

For purposes of the Motion to Dismiss, the facts are taken from the Complaint. The Complaint alleges, in relevant part:

- Sedgwick is an enterprise engaged in interstate commerce. (D.E. 1 at ¶ 6.) It has employees throughout the United States. (D.E. 1 at ¶ 15.)

- Gibbs has held a "Disability Representative Senior" position at Sedgwick since approximately August 2020. (D.E. 1 at ¶ 8.)

- Sedgwick pays Gibbs a salary. (D.E. 1 at ¶ 8.)

- Throughout her employment at Sedgwick, Gibbs worked in excess of forty hours per week on a frequent basis. (D.E. 1 at ¶ 13.)

- Sedgwick did not pay Gibbs at least one-and-one-half times her regular rate of pay for hours worked in excess of forty hours per week. (D.E. 1 at ¶ 13.)

- At all relevant times, Sedgwick was aware that Gibbs worked in excess of forty hours per week. (D.E. 1 at ¶ 14.)

- Sedgwick willfully violated the FLSA when it refused to pay Gibbs at least one-and-one-half times her regular rate of pay for hours worked in excess of forty hours per week, inaccurately classified her as exempt from overtime pay requirements although Sedgwick knew Gibbs was not exempt, and failed to keep records required by the FLSA. (D.E. 1 at ¶ 17.)

Count I of the Complaint alleges that Sedgwick violated the FLSA when it failed to pay Gibbs an overtime rate for overtime work (the "Overtime Claim"), that Sedgwick's overtime violation was willful (the "Willfulness Claim"), and that Sedgwick failed to keep proper records of all hours Gibbs worked as required by 29 U.S.C. § 211(c) (the "Recordkeeping Claim"). (D.E. 1, 5.)

## II. Jurisdiction

The Court has subject matter jurisdiction over FLSA claims under the general grant of federal question jurisdiction in 28 U.S.C. § 1331.

**III. Standard of Review**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss permits "a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

"To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is plausible

3

on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[The] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 544. The court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (citing Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations, but does not accept legal conclusions or unwarranted facts. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018).

**IV. Analysis**

Sedgwick argues generally that Gibbs' Overtime Claim and Willfulness Claim are not plausible because the Complaint does not allege sufficient facts. It asserts specifically that Gibbs' Complaint fails to allege 1) the number of overtime hours/frequency of overtime work, 2) the nature of the overtime work, and 3) the reasons Gibbs believes she was misclassified. Sedgwick argues that the Court should dismiss Gibbs' Recordkeeping Claim because the FLSA does not create a private right of action for recordkeeping violations.

4

**A.   Overtime Claim**

FLSA complaints must contain factual allegations of a claim's prima facie elements. See Roberts v. Corr. Corp. of Am., No. 3:14-CV-2009, 2015 WL 3905088, at *7-8 (M.D. Tenn. June 25, 2015); Kutzback v. LMS Intellibound, LLC., No. 13-CV-2767, 2014 WL 12843044, at *2 (W.D. Tenn. Sept. 5, 2014). They must provide defendant with adequate notice. See Roberts, 2015 WL 3905088, at *7-8; Kutzback, 2014 WL 12843044, at *2. The prima facie elements of an FLSA overtime claim are: (1) that an employer-employee relationship existed; (2) that the employer or its employees engaged in interstate commerce; (3) that the employee worked more than forty hours in a workweek; and (4) that overtime was not paid. See Grubbs v. D & S Residential Servs., LP, No. 2:20-CV-75, 2020 WL 7015052, at *3 (E.D. Tenn. Sept. 3, 2020).

Some circuits require FLSA complaints to allege additional facts. The Second Circuit has held that an FLSA overtime complaint must identify a particular week in which the plaintiff was not compensated for work exceeding forty hours. See Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106, 113-14 (2d Cir. 2013). The Third Circuit has found that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241-42 (3d Cir. 2014)

5

(quoting Lundy, 711 F.3d at 114). The Ninth Circuit "agree[d] with [its] sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." Landers v. Quality Commc'ns, 771 F.3d 638, 641 (9th Cir. 2014). The First Circuit has criticized FLSA complaints that do not describe the work performed by plaintiffs and do not provide examples and estimates of unpaid time. See Pruell v. Caritas Christi, 678 F.3d 10, 14 (1st Cir. 2012).

The Sixth Circuit has not addressed FLSA pleading standards, but has emphasized that Twombly does not require heightened fact pleading of specifics. See Z Techs. Corp. v. Lubrizol Corp., 753 F.3d 594, 597 (6th Cir. 2014)(citing Twombly, 550 U.S. at 570). District courts in the Sixth Circuit have repeatedly declined to adopt the heightened FLSA pleading standards adopted by other circuits. See Mabry v. Directv, LLC, No. 3:14-CV-00698, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015); Roberts, 2015 WL 3905088, at *7; Pope v. Walgreen Co., No. 3:14-CV-439, 2015 WL 471006, at *4 (E.D. Tenn. Feb. 4, 2015).

Gibbs' Complaint alleges sufficient facts to support the prima facie elements of Gibbs' Overtime Claim. It alleges that Gibbs has worked at Sedgwick as a "Disability Representative

6

Senior" since August 2020, that Sedgwick has employees throughout the United States and engages in interstate commerce, that Gibbs worked more than forty hours a week on a frequent basis, and that Gibbs was not paid for that overtime work. (D.E. 1 at ¶¶ 8, 15, 6, 13.) Courts in the Sixth Circuit have concluded that complaints with similar factual allegations state plausible FLSA overtime claims. See Roberts, 2015 WL 3905088, at *8; Miller v. AT & T Corp., No. 1:13-CV-01422, 2013 WL 5566698, at *2 (N.D. Ohio Oct. 9, 2013); Monroe v. FTS USA, LLC, No. 2:08-CV-02100, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008).

In Roberts, the court found sufficient factual allegations where the plaintiffs' complaint alleged:

> (1) the plaintiffs were employed by [defendant], (2) the plaintiffs were engaged in work . . . within coverage of the FLSA (3) the plaintiffs were scheduled to work forty hours per week, regularly worked in excess of forty hours per week, and were not paid overtime as required by law, (4) these events occurred in time frames relevant to an action under the FLSA.

Roberts, 2015 WL 3905088, at *8 (internal citations omitted). As Sedgwick notes, the complaint in Roberts contained additional facts. (D.E. 82, 167-68.) The complaint alleged that plaintiffs did not have managerial responsibilities and provided details of salary and employment dates. See id. at *2, *8 n.10.  However, the court in Roberts emphasized that FLSA complaints need only contain factual allegations of the claim's prima facie elements

7

and concluded that the factual allegations quoted above were "sufficient." See id. at *8.

In Miller, the defendants moved to dismiss because the complaint did not allege when the plaintiff worked overtime, the number of overtime hours, and whether the defendants required the overtime work. See Miller, 2013 WL 5566698, at *1. The court summarized the complaint: "Plaintiff Miller says he and others were employed by Defendants, FLSA applies to Defendants, and he and others regularly worked more than 40 hours a week without compensation." Id. at *2. The court concluded that the plaintiff's overtime claim was plausible based on those factual allegations. See id.

In Monroe, the defendants moved to dismiss because the plaintiffs failed to allege the work they performed, the weeks they worked overtime, and the number of hours they were underpaid. See Monroe, 2008 WL 2694894, at *3. The court found the complaint sufficient because "Plaintiffs first allege Defendants are employers as defined by the FLSA. Plaintiffs further allege that they and other similarly situated employees are 'technicians' routinely working overtime without compensation. Plaintiffs contend that Defendants knew that Plaintiffs worked overtime, which requires an increase to a time-and-a-half pay rate." Id. at *3. The complaint in Monroe

contains fewer details than Gibbs' Complaint. (See 2:08-cv-02100, D.E. 1).

Gibbs' Complaint provides Sedgwick with adequate notice. The Complaint sets out the theory of the case, misclassification, and enables Sedgwick to respond. See Acosta v. Peregrino, No. 3:17-CV-01381, 2018 WL 2045938, at *3 (M.D. Tenn. May 2, 2018) (finding complaint deficient but denying motion to dismiss because complaint provided notice that claims were based on misclassification); Miller, 2013 WL 5566698, at *2 (finding complaint provided adequate notice); Monroe, 2008 WL 2694894, at *3 (finding complaint provided adequate notice).

Gibbs' Complaint sufficiently pleads the Overtime Claim. The cases Sedgwick cites to the contrary are unpersuasive. In some cases, more detailed complaints survived motions to dismiss. See, e.g., Doucette v. DIRECTV, Inc., No. 2:14-CV-02800, 2015 WL 2373271, at *7–8 (W.D. Tenn. May 18, 2015). Their facts differ, and they do not establish the minimum pleading requirements for FLSA complaints. In other cases, courts dismissed because the complaints failed to allege the prima facie elements of the FLSA claims. See Hutt v. Greenix Pest Control, LLC, No. 2:20-CV-1108, 2020 WL 6892013, at *3 (S.D. Ohio Nov. 24, 2020) (granting dismissal of defendants where complaint alleged that defendants were "owners" as opposed to "employers"); Simpson v. Baskin, No. 3:17-CV-01077, 2018 WL 1070897, at *8 (M.D. Tenn. Feb. 26, 2018)

9

(recommending dismissal because complaint did not allege plaintiff worked more than forty hours a week); Steele v. Murshed, No. 17-CV-2679, 2017 WL 8792734, at *2 (W.D. Tenn. Nov. 29, 2017) (recommending dismissal because complaint did not allege plaintiff was paid less than minimum wage). Gibbs' Complaint contains factual allegations supporting all of the Overtime Claim's prima facie elements.

Sedgwick cites one case in which the court dismissed a complaint with the following allegations:

> Plaintiffs regularly worked over 40 hours per week . . . during the relevant employment period. . . . Defendants paid Plaintiffs just their regular hourly rate of pay for hours worked over 40 in a week . . ., and failed to pay Plaintiffs one and one half times their regular rates of pay for all hours worked over 40 in a week.

See Hall v. Plastipak, No. 15-11428, 2015 WL 5655888, at *2 (E.D. Mich. Sept. 25, 2015). Gibbs' Complaint contains factual allegations that do not appear in the Hall complaint. The court in Hall also adopted the pleading standard from the First, Second, Third, and Ninth Circuits. See id. at *2-3. It concluded that plaintiffs' complaint should have alleged uncompensated hours or unpaid wages. See id. at *3. That heightened fact pleading standard is disfavored in the Sixth Circuit. See Roberts, 2015 WL 3905088, at *5. The Court declines to follow Hall.

10

Sedgwick's general argument that Gibbs' Complaint does not contain sufficient factual content for the Overtime Claim is unavailing. So is Sedgwick's argument about specific pleading deficiencies.

### 1. Number of Hours/Frequency of Overtime Work

Courts in the Sixth Circuit do not require FLSA overtime complaints to allege the approximate number of overtime hours. See Pope, 2015 WL 471006, at *5; Potts v. Nashville Limo & Transp., LLC, No. 3:14-CV-1412, 2014 WL 7180164, at *3 (M.D. Tenn. Dec. 16, 2014); Monroe, 2008 WL 2694894, at *3. Even circuits that have adopted a heightened fact pleading standard do not make "the approximation of overtime hours the sine qua non of plausibility" for FLSA claims. Landers, 771 F.3d at 645; see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 n.10 (2d Cir. 2013). Gibbs did not have to plead the number of overtime hours in her Complaint.

Several circuits do require FLSA overtime complaints to allege specific weeks in which plaintiffs worked more than forty hours. See Lundy, 711 F.3d at 114; Davis, 765 F.3d at 243; Landers, 771 F.3d at 645. The Court understands the phrase "frequency of overtime work" in Sedgwick's briefing to refer to that requirement. Courts in the Sixth Circuit do not require FLSA overtime complaints to allege specific weeks. See Adams v. Diversicare Leasing Corp., No. 14-2990, 2015 WL 4208779, at *6

(W.D. Tenn. July 10, 2015); Potts, 2014 WL 7180164, at *3; Monroe, 2008 WL 2694894, at *3. Gibbs' Complaint need not plead that information.

### 2. Nature of Overtime Work

Courts in the Sixth Circuit have not reached consensus on whether FLSA complaints must allege the nature of a plaintiff's overtime work. Compare Forrester v. Am. Sec. & Prot. Serv. LLC & F. Michael Jones, No. 5:20-CV-204, 2021 WL 4134043, at *4 (W.D. Ky. Sept. 9, 2021) (requiring plaintiff to plead the nature of overtime work) with Monroe, 2008 WL 2694894, at *3 (finding plaintiffs were not required to plead the nature of overtime work). However, heightened fact pleading standards are generally disfavored. See Roberts, 2015 WL 3905088, at 5. Gibbs' Complaint does not have to plead the nature of her overtime work.

### 3. Misclassification

"[A] plaintiff's status as an exempt employee [is] an affirmative defense to claims brought under the FLSA." Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843, 846 (6th Cir. 2012). A plaintiff is not required to plead the inapplicability of an FLSA exemption in her complaint. See Guy v. Absopure Water Co., No. 20-12734, 2021 WL 735787, at *3 (E.D. Mich. Feb. 25, 2021). Gibbs asserts that she was not exempt from FLSA requirements. She does not have to explain why she was not exempt in her Complaint.

**B.     Willfulness Claim**

Violations of the FLSA are ordinarily subject to a two-year statute of limitations. See 29 U.S.C. § 255(a). "However, where a violation is 'willful' a three-year statute of limitations applies." Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962, 966 (6th Cir. 1991) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988)). For the three-year statute of limitations to apply, an FLSA complaint must contain a plausible claim that the alleged violation was willful. See Doucette, 2015 WL 2373271, at *5. A violation of the FLSA was willful if an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin, 486 U.S. at 133. "[A]lthough conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." Katoula v. Detroit Ent., 557 F. App'x 496, 498 (6th Cir. 2014) (internal quotations omitted) (quoting Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012)); see also Doucette 2015 WL 2373271, at *5 (applying Katoula to FLSA willfulness claims).

The Sixth Circuit has decided that an employer's recordkeeping practices may "corroborate an employee's claims that an employer acted willfully in failing to compensate for

13

overtime." Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 844 (6th Cir. 2002). At the motion-to-dismiss stage, allegations that the employer failed to keep accurate records can satisfy the plausibility requirement. See Dowd v. Directv, LLC, No. 14-CV-14018, 2016 WL 28866, at *6 (E.D. Mich. Jan. 4, 2016); Larson v. Rush Fitness Corp., No. 3:12-CV-109, 2013 WL 11328590, at *1 (E.D. Tenn. Dec. 10, 2013); Monroe, 2008 WL 2694894, at *3. Gibbs' Complaint alleges that Sedgwick failed to keep accurate records in violation of 29 U.S.C. § 211(c). The Willfulness Claim is plausible.

### C. Recordkeeping Claim

Gibbs concedes that she has not asserted an independent Recordkeeping Claim. (D.E. 57, 151). The Court need not decide whether she could have brought such a claim. There is no recordkeeping claim before the Court.

### V. Conclusion

For the foregoing reasons Sedgwick's Motion to Dismiss is DENIED.

SO ORDERED this 3d day of January, 2022.

                                                    */s/ Samuel H. Mays, Jr.*
                                                   SAMUEL H. MAYS, JR.
                                                   UNITED STATES DISTRICT JUDGE