**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CONNIE GIBBS,<br>on behalf of herself and<br>others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:21-cv-02153-SHM-cgc<br><br>JURY DEMAND |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED SECOND AMENDED MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE AND APPROVAL OF NOTICE
PURSUANT TO 29 U.S.C. § 216(b)**

This is a putative collective action brought under the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §§ 201, et seq. Before the Court is Plaintiff Connie Gibbs' ("Gibbs") Unopposed Second Amended Motion for Conditional Certification of a Collective Action and Approval of Notice Pursuant to 29 U.S.C. § 216(b) (the "Motion"). (ECF No. 187.) For the foregoing reasons, the Motion is **GRANTED**. Gibbs' Initial Unopposed Motion for Conditional Certification (ECF No. 134) and First Amended Unopposed Motion for Conditional Certification (ECF No. 183) are **DENIED as MOOT**.

## I.    Background

Since August 2020, Gibbs has worked at Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") as a Disability Representative Senior ("Disability Rep. Sr."). (ECF No. 1 at ¶ 8.) Gibbs alleges that she was misclassified as a salaried employee and that she was entitled to overtime pay for hours worked in excess of forty hours a week. (ECF No. 1 at ¶¶ 8, 13, 17.)

In her Motion, Gibbs seeks conditional certification of a collective of Sedgwick Disability Rep. Srs. and Absence Management Care Team Representatives ("ACT Reps.") (ECF. 187, PageID 371.) She provides the Declaration of Diane Boyden, Managing Director of Sedgwick's Workforce Absence Division. (ECF No. 187-3.) The Declaration explains that Disability Rep. Srs. process short term disability claims on behalf of Sedgwick's clients. (ECF No. 187-3 ¶ 4.) Disability Rep. Srs. are assigned a case load of claims that they process from start to finish. (ECF No. 187-3 ¶ 4.) ACT Reps. receive referred phone calls from claimants and are responsible for resolving the caller's issue and completing any related tasks, including the approval of claims. (ECF No. 187-3 ¶ 5.) ACT Reps. manage claim inquiries and claim actions to support issue resolution. (ECF No. 187-3 ¶ 5.) Gibbs asserts that Sedgwick classified Disability Rep. Srs. and ACT Reps. as exempt from FLSA overtime compensation requirements, paid those employees a salary,

and did not pay those employees overtime for hours worked in excess of forty (40) hours per week. (ECF No. 187, PageID 370.)

This is not the first collective action in which Sedgwick employees have asserted FLSA overtime claims. In Easterwood v. Sedgwick Claims Management Services, Inc., 6:19-cv-700-Orl-78LRH (M.D. Fla.), the U.S. District Court for the Middle District of Florida approved a collective action settlement that included both Disability Rep. Srs. and ACT Reps. with overtime claims that accrued between February 5, 2018, and June 8, 2021. Id. at ECF Nos. 396, 400. The parties in Easterwood distributed notices and release forms to approximately 200 Sedgwick employees identified on a list attached to the parties' settlement agreement. Id. at ECF No. 393. Approximately 150 employees opted in to the settlement collective. See id. at ECF Nos. 132-317.

In Walker v. Sedgwick Claims Management Services, Inc., 1:19-cv-07482 (N.D. Ill.), representative plaintiffs have asserted FLSA overtime claims on behalf of Disability Rep. Srs. who processed ADA accommodation claims in Illinois. Id. at ECF No. 8. The Walker case is ongoing, and the U.S. District Court for the Northern District of Illinois has not certified a collective.

In the present action, Gibbs seeks conditional certification of the following collective:

> All individuals who worked for Sedgwick and held the position of Disability Representative Senior or Absence Management Care Team Representative during the period

3

> beginning three years prior to the issuance of notice and ending on May 22, 2021, and who were classified as exempt from overtime (except those individuals who worked in the State of Illinois as a Disability Representative Senior during this time period processing requests or claims for accommodation under the ADA)

(ECF No. 187, PageID 371.) Gibbs' Motion proposes procedures and deadlines for the notice and opt-in process, provides a proposed Notice to be sent to potential members of the collective, and provides a proposed Consent to Join Form that potential members must complete to join the collective. (ECF No. 187, PageID 373-75; ECF No. 187-1; ECF No. 187-2.) The Motion also provides that:

> The Parties agree and seek court approval that Notice will not be sent to Disability Representative Seniors and Absence Management Care Team Representatives employed by Sedgwick in this period who previously received notice to join in the case of Easterwood, et al. v. Sedgwick Claims Management Services Inc., Case No. 6:19-cv-700-WWB-LRH, Middle District of Florida. However, although those individuals will not receive additional notice in this case, they may still join this case and are not precluded from doing so, and defendant reserves all rights to challenge any such claims.

(ECF No. 187, PageID 371.)

**II.  Standard of Review**

At the FLSA conditional certification stage, the question is whether the members of the putative collective or class are "similarly situated." See 29 U.S.C. § 216(b). The plaintiff must show that her "position is similar, not identical, to the positions held by the putative class members." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006) (citations omitted)

4

(articulating the standard for FLSA conditional certification). A plaintiff can make that showing by demonstrating the putative class "suffer[ed] from a single, FLSA—violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 585 (6th Cir. 2009), abrogated on other grounds, Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016). That showing can also be made if putative class members' "claims [a]re unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id.

A finding that the putative class is similarly situated need only be supported by a "modest factual showing," and this "fairly lenient standard . . . typically results in conditional certification of a representative class." Comer, 454 F.3d at 547. At the conditional certification stage, the "district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members." Frye v. Baptist Memorial Hosp., Inc., No. 07-2708, 2008 WL 6653632, at *5 (W.D. Tenn. Sept. 16, 2008) (internal quotations omitted).

"The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." See Comer, 454 F.3d at 545–46; see also

Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). "Courts have authority to supervise the issuance of notice in FLSA collective actions, with the objective of 'manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'" Watson v. Advanced Distrib. Servs., LLC, 298 F.R.D. 558, 565 (M.D. Tenn. 2014) (quoting Sperling, 493 U.S. at 170) (alteration in original).

### III. Analysis

Gibbs has made the modest factual showing needed for conditional certification at the first stage. See Comer, 454 F.3d at 547. She is similarly situated to employees in both the Disability Rep. Sr. and ACT Rep. position. Gibbs asserts that employees in both positions were salaried, considered exempt from FLSA overtime requirements, and were not paid overtime for hours worked in excess of forty (40) hours per week. (See ECF. No 1 at ¶¶ 11, 17, 26.) Employees in both positions also processed benefits claims for Sedgwick's clients. (ECF No. 187-3.) Members of the putative collective share common theories of recovery, although establishing that individual employees were not exempt from overtime requirements may require individualized proof. See O'Brien, 575 F.3d at 585. The carve-out for Disability Rep. Srs. who processed accommodation claims in Illinois is a reasonable attempt to prevent an overlap with the claims asserted in Walker.

The Court has reviewed the Notice and the Consent to Join Form provided with the Motion and finds that they will result in an orderly and sensible notice and opt-in process. <u>See</u> <u>Watson</u>, 298 F.R.D. at 565. The Court approves the exclusion of Disability Rep. Srs. and ACT Reps. who received notice in <u>Easterwood</u> from the notice process. A court may decline to direct notice in an FLSA collective action where notice is unlikely to be a "fruitful or efficient endeavor." <u>See</u> <u>Sparacino v. Insight Commc'ns Co., L.P.</u>, No. 3:14-CV-298-JHM-CHL, 2015 WL 6142884, at *2 (W.D. Ky. Oct. 19, 2015) (declining to direct notice where, given the prospective collective size and high number of opt-ins, additional notice was unlikely to reach additional collective members). The employees the Parties seek to exclude from the notice process have already received notice in <u>Easterwood</u>. They decided not to opt in or opted in and had their FLSA claims extinguished by the <u>Easterwood</u> settlement. Under these circumstances, additional notice is unlikely to produce successful opt ins and would not be an efficient use of resources.

**IV. Conclusion**

For the forgoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Gibb's Motion (ECF No. 187) is **GRANTED.**

2. The following collective is **CONDITIONALLY CERTIFIED** pursuant to 29 U.S.C. § 216(b):

All individuals who worked for Sedgwick and held the position of Disability Representative Senior or Absence Management Care Team Representative during the period beginning three years prior to the issuance of notice and ending on May 22, 2021, and who were classified as exempt from overtime (except those individuals who worked in the State of Illinois as a Disability Representative Senior during this time period processing requests or claims for accommodation under the ADA).

3. Simpluris is **APPROVED** to serve as the Notice Administrator. The Parties and the Notice Administrator are **DIRECTED** to comply with the following notice procedures:

   a) Within ten (10) business days from the date of entry of the Court's Order conditionally certifying this collective action and approving notice, Sedgwick will produce to the Notice Administrator a list of those individuals who are potential Collective members, to include the name, last known mailing address, and last known personal email address (if any) for each individual. Sedgwick may exclude from that list Disability Representative Seniors and Absence Management Care Team Representative who received court-directed notice in Easterwood, et al. v. Sedgwick Claims Management Services Inc., Case No. 6:19-cv-700-WWB-LRH, Middle District of Florida.

   b) Within five (5) business days from the date of receipt by the Notice Administrator of the above list, the Notice Administrator shall attempt to confirm the mailing addresses of the individuals whose information was provided by running the addresses provided by Sedgwick through the following databases: (i) National Change of Address (NCOA); (ii) Coding Accurate Support System (CASS); and (iii) the Locatable Address Conversion System (LACS); cause to be mailed in an envelope preapproved by the Parties via U.S. Mail with a pre-addressed stamped return envelope to Plaintiff's Counsel; and cause to be e-mailed (assuming a personal email address is known) the approved Notice and Consent to Join Form to the collective members. Plaintiff shall pay all fees

and costs of the Notice Administrator.

c)  As soon as practical, and no later than five (5) business days after mailing and emailing the Notices, the Notice Administrator will provide notice to Plaintiff's Counsel and Sedgwick's Counsel that the Notice and Consent to Join Forms have been sent.

d)  In addition, throughout the notice period defined in paragraph (e) below, if a Notice and Consent to Join Form is returned because of an incorrect address, the Notice Administrator must search for a more current address by running a skip trace and, if a new address is found, re-mail the Notice and Consent to Join Form within seven (7) calendar days from receipt of the returned mail. As soon as practical, and no later than five (5) business days following the re-mailing, the Notice Administrator shall notify Plaintiff's Counsel and Sedgwick's Counsel of the fact that a Notice and Consent to Join Form were remailed, although not the identity of the individual to whom it was remailed.

e)  Any member of the Collective shall have sixty (60) days from the date of mailing, or sixty (60) days from the date of re-mailing if applicable, to return a signed copy of the Consent to Join Form to Plaintiff's Counsel via mail or by e-mailing a signed Consent to Join Form. All Consent to Join Forms that are received by mail must be postmarked within sixty (60) days from the date of mailing or sixty (60) days from the date of re-mailing. All Consent to Join forms that are received by e-mail must be received within sixty (60) days from the date of mailing or sixty (60) days from the date of re-mailing.

f)  Plaintiffs' Counsel shall electronically file all valid and timely returned Consent to Join Forms they receive no later than three (3) days after receipt.

**SO ORDERED,** this 10 day of August, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE