IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CONNIE GIBBS, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | No. 2:21-cv-2153-SHM-cgc |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., A FOREIGN FOR PROFIT CORPORATION, | ) ) ) ) |  |
| Defendant. | ) |  |

**ORDER GRANTING MOTION TO APPROVE FLSA COLLECTIVE CLASS ACTION SETTLEMENT**

Before the Court is the parties' Joint Motion for Approval of Fair Labor Standards Act Collective Action Settlement (the "Motion"). See ECF No. 295. The Court finds that the proposed settlement agreement (the "Agreement"), see ECF No. 295-1, is a fair and reasonable resolution of the claims in this action. The Motion is GRANTED.

**I.   Background**

   **A.   Claims and Plaintiffs**

Plaintiff Connie Gibbs filed her Complaint against Defendant Sedgwick Claims Management Services, Inc. on March 12, 2021, on behalf of herself and others similarly situated (collectively, "Plaintiffs"). See ECF No. 1. Gibbs alleged that

Defendant had violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. (the "FLSA") by misclassifying Plaintiffs as salaried-exempt employees and by failing to pay Plaintiffs overtime pay. See id. ¶¶ 8, 13, 17.

On August 4, 2022, Plaintiffs filed their Unopposed Second Amended Motion for Entry of Order Granting Conditional Certification and Approving Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). See ECF No. 187. Plaintiffs sought conditional certification of a collective class of individuals who were classified as exempt from overtime while working as Disability Representatives or as Absence Management Care Team Representatives. See id. ¶ 5(a). The Court granted that Motion. See ECF No. 192.

The action now consists of 193 class members. See ECF No. 295, at 2. To be a Plaintiff in this action, individuals had to opt-in by signing and submitting Consents to Sue and Opt-In Forms. Id. at 2, 12. By signing the forms, Plaintiffs "agreed to be bound by any judgment by the Court or any settlement of this action." Id. at 2.

**B.   Contents of the Settlement Agreement**

As part of the Agreement, Defendant will pay up to $2,500,000.00. Id. at 3; see also ECF No. 295-1, ¶¶ 1.11, 7.1. Defendant will disperse up to $1,875,000.00 to Plaintiffs who timely sign and return a Release of Claims Form ("Release

2

Form(s)"). See ECF No. 295-1, ¶ 1.11.[1] The deadline for returning the Release Forms is set by the Agreement, and Defendant has no obligation to pay Plaintiffs who do not return executed Release Forms by the deadline. See id., ¶¶ 5.7, 5.9. Defendant will also pay up to $625,000.00 in attorneys' fees and costs. Id. ¶ 7.1. This represents 25% of the $2,500,000.00 payment. Defendant will also pay the fees and costs of the settlement administrator in this action. See id. ¶¶ 1.15, 8.3.

In consideration for these payments, Plaintiffs who return an executed Release Form will "deny any liability or wrongdoing of any kind associated with the claims alleged against" Defendant. Id. ¶ 2.2. Plaintiffs will release Defendant from any FLSA claims that accrued during a set period of time while they were salaried-exempt Disability Representatives and/or Absence Management Care Team Representatives. Id. at 31. The applicable period of time starts three years before the Plaintiffs filed an Opt-In to the action, and it runs through the date on which the Plaintiffs were no longer in one of the two salaried-exempt positions or until May 22, 2021, when Plaintiffs were converted to hourly employees. Id. Plaintiffs also release Defendant from any claims for interest, attorneys' fees, and costs in this case.

---

[1] The payments will be distributed pro rata based on a number of factors identified in the Release Form. Id. at 22. The Agreement lists the amounts each Plaintiff will receive. See id. at 24-30.

3

Id. Plaintiffs who do not return an executed Release Form timely will not receive a payment and will not release any claims. Id. at ¶ 5.9.

Defendant reserves the right to nullify the settlement if certain thresholds are not met: 1) fifteen (15) or more Plaintiffs fail to return executed Release Forms timely, or 2) Plaintiffs who fail to return executed Release Forms timely represent more than 15% of the agreed-upon payment amount. Id. at ¶ 4.4. If Defendant nullifies the Agreement, the parties will return to the same position in this action without prejudice. Id.

If the Court approves the Agreement, the parties ask that all claims be dismissed without prejudice. See ECF No. 295, at 16. The parties request that the Court retain jurisdiction until the threshold requirements for the Agreement's acceptance are met. Id. Once that happens, the parties represent that they will file a motion for dismissal with prejudice for Plaintiffs who return executed Release Forms timely. Id. at 16–17. The parties ask the Court to continue to retain jurisdiction to enforce the terms of the Agreement. Id. at 17.

## II. Jurisdiction

The Court has original jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331(a).

4

**III. Standard of Review**

Although there is a Circuit split on the issue, the Courts in the Western District of Tennessee require judicial approval of proposed FLSA settlements brought under 29 U.S.C. § 216(b). Transou v. Toyota Boshoku Tenn., LLC, No. 22-cv-01062, 2023 WL 6217760, at *2 (W.D. Tenn. Sept. 25, 2023) (following Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982), which required judicial approval of all FLSA claims brought by employees under § 216(b) - not just collective actions); see also, e.g., Kutzback v. Riviana Foods, Inc., No. 22-cv-02025, 2023 WL 2261417, at *1 (W.D. Tenn. Feb. 27, 2023); Gardner v. Blue Sky Carriers, Inc., No. 20-cv-02390, 2021 WL 6689547, at *1 (W.D. Tenn. May 14, 2021); David v. Kohler Co., No. 15-cv-01263, 2019 WL 6719840, at *3 (W.D. Tenn. Dec. 10, 2019).

"The Court must consider whether the settlement is 'a fair and reasonable resolution of a bona fide dispute.'" Jackson v. Turner Holdings, LLC, No. 20-cv-02018, 2020 WL 8461764, at *1 (W.D. Tenn. Oct. 30, 2020); see also Fischer v. JWB Props. LLC, No. 20-cv-02599, 2021 WL 6751869, at *1 (W.D. Tenn. Sept. 17, 2021). The Court considers the factors endorsed by the Sixth Circuit in Does 1-2 v. Déjà Vu Services, Inc., 925 F.3d 886 (6th Cir. 2019). Those factors include "(1) the 'risk of fraud or collusion,' (2) the 'complexity, expense and likely duration of

5

the litigation,' (3) the 'amount of discovery engaged in by the parties,' (4) the 'likelihood of success on the merits,' (5) the 'opinions of class counsel and class representatives,' (6) the 'reaction of absent class members,' and (7) the 'public interest.'" Does 1-2, 925 F.3d at 894-95 (quoting Int'l Union, UAW, et al. v. Gen. Motors Corp., 497 F.3d 615, 631 (6th Cir. 2007)). The sixth factor, the reaction of absent class members, is inapplicable in this case. To be a Plaintiff in this action, individuals had to sign and submit Consent to Sue and Opt-In Forms. See ECF No. 295, at 12. Individuals who did not submit those forms have not waived any claims as a result of this settlement. Id.

An assessment of attorneys' fees is an important factor in considering whether the settlement is "fair and reasonable." See O'Bryant v. ABC Phones of N.C., Inc., No. 19-cv-02378, 2020 WL 4493157, at *15 (W.D. Tenn. Aug. 4, 2020) ("When a proposed settlement of FLSA claims includes the payment of attorneys' fees, the court must assess the reasonableness of the fee award.").

**IV. Analysis of Fairness Factors**

    **A. Risk of Fraud or Collusion**

There is no risk of fraud or collusion. All parties were represented by counsel, and counsel have extensive experience litigating FLSA claims. See ECF No. 295, at 8-9. Counsel

6

represent that the settlement is the product of seven months of detailed, adversarial negotiations. Id. at 9. See Scobey v. Gen. Motors, LLC, No. 20-12098, 2021 WL 5040312, at * (E.D. Mich. Oct. 28, 2021) ("The fact that Plaintiffs were represented by experienced counsel supports the conclusion that the settlement was a product of an arms' length transaction."); see also Allen v. Express Courier Int'l, Inc., No. 18-cv-20, 2019 WL 13216607, at *1 (E.D. Tenn. Nov. 5, 2019). This factor weighs in favor of approving the settlement.

**B.     Complexity, Expense, and Likely Duration of Litigation**

The complexity, expense, and likely duration of litigation favor approving the settlement. The parties agree that failure to settle "would result in costly and protracted litigation" that could require a trial lasting more than a month. See ECF No. 295.

Determining the applicability of the administrative exemption, a defense that Defendant asserts, is a "fact-intensive inquiry," Perry v. Randstad Gen. Partner (US) LLC, 876 F.3d 191, 200 (6th Cir. 2017), and other issues in wage-and-hour cases often "require costly and protracted litigation," Bernardez v. Firstsource Sols. USA, LLC, No. 17-cv-613, 2022 WL 1156972, at *5 (W.D. Ky. Apr. 19, 2022); see also Yorba v. Barrington Sch., LLC, No. 21-cv-691, 2022 WL 2436952, at *3 (S.D. Ohio July 5, 2022).

The Court agrees that failure to settle would result in many months of costly litigation addressing complex, fact-intensive issues. This factor weighs in favor of settlement.

### C.     Amount of Discovery Engaged in by the Parties

The amount of discovery conducted by the parties favors approving the settlement. The parties have engaged in extensive discovery during the past two years. See ECF No. 295, at 9. They have exchanged and analyzed information about 1) "the number of weeks a Plaintiff worked in a particular job during the relevant time period;" 2) "the number of weeks worked by a Plaintiff during the class time period;" 3) "when a Plaintiff opted into the lawsuit;" 4) "the particular Plaintiff's rate of pay;" and 5) "the estimate of hours a Plaintiff worked in any given work week based upon Plaintiffs' estimate of hours as well as [Defendant's] records; and, other factors related to the legal risks associated with continued litigation and trial." Id. at 10.

The parties conducted sufficient discovery to inform their negotiations. Negotiations informed by ample discovery and data analysis support a finding that a settlement is fair and reasonable. This factor weighs in favor of approving the settlement.

**D.      Likelihood of Success on the Merits**

The likelihood-of-success-on-the-merits factor is neutral. The parties vigorously contest many issues in this action, and the outcome of this litigation is uncertain. There has not been enough briefing to reach a conclusion. This factor favors neither approval nor disapproval of the settlement.

**E.      Opinions of Class Counsel**

The opinions of counsel favor approval of the settlement. Counsel for both parties "have extensive experience litigating wage and hour cases including class and collective actions." See ECF No. 295, at 11. That experience includes litigation in the separate case of Easterwood v. Sedgwick, 19-cv-700-Orl-78LRH (M.D. Fla.), which involves the same attorneys and similar issues as this action. See id. at 7, 11. Counsel assert their belief that this settlement is "fair and equitable to all class members, given the risks and uncertainty of continued litigation." Id. at 12. The Court accepts those assertions and credits counsel's view that the settlements are in the best interest of their clients. This factor weighs in favor of the settlement.

**F.      Public Interest**

It is in the public interest to approve the settlement. The "law generally favors and encourages the settlement of class actions." Franks v. Kroger Co., 649 F.2d 1216, 1224 (6th Cir.

9

1981). "If a settlement agreement reflects a reasonable compromise over the issues, a court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" Foster v. Residential Programs, Inc., No. 19-cv-2358, 2021 WL 664055, at *4 (S.D. Ohio Feb. 18, 2021) (quoting Lynn's Food Stores, 679 F.2d at 1354). The Court finds that the Settlement Agreement reflects a reasonable compromise of the issues. This factor weighs in favor of the settlement.

### G. Attorneys' Fees

The attorneys' fees are reasonable. Courts in the Sixth Circuit generally approve attorneys' fees in FLSA collective actions that comprise 20% to 35% of the total award. See O'Bryant, 2020 WL 4493157, at *15. The $625,000.00 sought by Plaintiffs' attorneys represents 25% of the $2,500,000.00 that Defendant will make available for disbursement.[2] Counsel for both parties aver that this amount was "negotiated separately from and without regard to the amounts paid to" Plaintiffs. See ECF No. 295-1, ¶ 7.4.

Plaintiffs' counsel submitted an affidavit in which they affirm that, at the time of filing, their firm had spent 1,951.83 billable hours on this case, which they litigated on a

---

[2] The percentage is lower if the Court considers the payments Defendant will have to make to the settlement administrator.

10

contingency basis. See ECF No. 295-2, ¶ 6. That amount does not include the additional time that will be spent implementing the settlement. Id. ¶ 13. The 1,951.83 hours equals $542,771.25. Id.

Given the time and effort expended, the expertise of counsel, the contingency fee arrangement, and a proposed fee amount within the range ordinarily approved in this Circuit, the Court concludes that the proposed attorneys' fees are reasonable. This factor weighs in favor of settlement.

## V.  Conclusion

The proposed Agreement is a fair and reasonable resolution of the claims in this action. The parties' Joint Motion for Approval is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. The Court RETAINS JURISDICTION over this action in accordance with the terms of the Agreement. The case is closed administratively. The Court will reopen it on motion of the parties and enter a judgment of dismissal with prejudice based on the parties' representation that the terms of the Agreement have been satisfied.

SO ORDERED this *5th* day of February, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11